```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**LARRY D. DANBERRY,**

      **Plaintiff,**

v.                                                CASE NO. 2:06-cv-00908

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security[1],**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Brief in Support of his Motion for Judgment on the Pleadings.[2]

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

[2] The court notes that Defendant has not filed a separate motion for judgment on the pleadings.

Plaintiff, Larry Danberry (hereinafter referred to as "Claimant"), protectively filed applications for SSI and DIB on November 21, 2003, alleging disability as of May 8, 2003, due to carpal tunnel syndrome, back injuries, nerves and alcohol dependence. (Tr. at 21, 54-56, 68, 243-46.) The claims were denied initially and upon reconsideration. (Tr. at 38-42, 45-47, 249-53, 255-57.) On December 3, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 48.) The hearing was held on April 20, 2005, before the Honorable John Murdock. (Tr. at 261-81.) By decision dated February 11, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 21-31.) On September 7, 2006, the Appeals Council denied Claimant's request for review. (Tr. at 10-12.) On October 26, 2006, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). On November 13, 2006, the Appeals Council set aside its earlier decision and issued a second decision in which it considered additional evidence offered by the Claimant, but determined it did not provide a basis for changing the ALJ's decision. (Tr. at 5-6.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically

determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2006).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. §§ 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform

other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2006).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date.  (Tr. at 23.)  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of status post left carpal tunnel release and Dupuytren's contractures of the hands.  (Tr. at 28.)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1.  (Tr. at 28.)  The ALJ then found that Claimant has a residual functional capacity for light work.  (Tr. at 30.)  As a result, Claimant can return to his past relevant work.  (Tr. at 30.)  On this basis, benefits were denied.  (Tr. at 30.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial

evidence.  In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Cellebreze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was fifty years old at the time of the administrative hearing.  (Tr. at 264.)  Claimant graduated from high school.  (Tr. at 265.)  In the past, he worked as a warehouse supervisor for a state agency.  (Tr. at 265-66.)

5

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ's decision was not based on the entire record and the ALJ improperly penalized Claimant for his previous attorney's mistake; and (2) the ALJ committed reversible error in finding Claimant capable of light work.  (Pl.'s Br. at 3-7.)

The Commissioner argues that (1) substantial evidence supports the ALJ's finding that Claimant could perform light work and his past relevant work as a warehouse supervisor; (2) the ALJ was not obligated to order additional evidence related to Claimant's breathing difficulties; (3) although the ALJ did not have all the evidence of record before him, the Appeals Council had access to this evidence, considered it and properly determined that it did not provide a basis for changing the ALJ's decision; and (4) the ALJ properly considered Claimant's subjective complaints of pain. (Def.'s Br. at 9-14.)

The court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because the ALJ fails to explain in his decision, his reasons for affording

only partial weight to the opinions of the State agency physicians who opined regarding Claimant's manipulative and other limitations.

The evidence of record related to Claimant's hand impairment includes surgery performed by Ted A. Jackson, M.D. on May 8, 2003. Dr. Jackson performed carpal tunnel release and excision of Dupuytren's fascia on the left hand and little finger. (Tr. at 146.) Thereafter, Claimant complained of a burning sensation in the palm of his hand. (Tr. at 143.) Dr. Jackson referred Claimant to a pain clinic. (Tr. at 143.) Dr. Jackson declined to opine for workers' compensation purposes that Claimant was entitled to permanent total disability for workers' compensation purposes. (Tr. at 142.) On September 25, 2003, Richard G. Bowman, M.D. of the Center for Pain Relief examined Claimant and found that Claimant had grip and wrist extension on examination of 4/5 on the right and 3+/5 grip on the left and 4/5 wrist extension on the left. (Tr. at 138-39.)

On March 16, 2004, Nilima Bhirud, M.D. performed a consultative physical examination and found that Claimant's hands were very sensitive to the touch, that he could pick up a coin with the left hand but that he could not make a complete grip with the left hand. Claimant also had contracture of the left and right little fingers at 90 degrees at the PIP joint. (Tr. at 165.)

On April 7, 2004, a State agency physician completed a Physical Residual Functional Capacity Assessment on which he opined

7

that Claimant was limited to light work, that he could only occasionally climb ramps and stairs and balance, that he could never climb ladders, ropes and scaffolds, that he was limited in the ability to handle, finger and feel, that he reported hearing loss, that he should avoid concentrated exposure to extreme cold, heat and hazards and even moderate exposure to vibration. (Tr. at 172-78.) Regarding Claimant's manipulative limitations, the State agency medical source stated that because of Claimant's hand impairment, he "cannot make a complete grip with left hand but can pick up a coin or a pen." (Tr. at 174.)

On September 27, 2004, a second State agency medical source completed a Physical Residual Functional Capacity Assessment and opined that Claimant was limited to light work, with an occasional ability to climb ramps and stairs, balance and crawl, an inability to climb ladders, ropes and scaffolds, a limited ability to handle, finger and feel, a need to avoid concentrated exposure to extreme cold and heat and hazards and a need to avoid even moderate exposure to vibration. (Tr. at 203-08.) Regarding Claimant's hand impairment, the State agency medical source wrote that Claimant had a "[m]ild limitation of the left hand due to Dupuytren's contracture and CTS s/p release with persistent pain, d[e]crease ROM and occasional swelling." (Tr. at 206.)

At the administrative hearing, the ALJ heard some testimony from the vocational expert about Claimant's past work experience as

a warehouse supervisor (Tr. at 277), but did not pose a hypothetical question.  Instead, the ALJ sent Claimant for two consultative examinations, one related to his breathing complaints, and the other related to his hand impairment.  In his decision, the ALJ noted that subsequent pulmonary function studies revealed severe chronic obstructive pulmonary disease, but were found not valid due to Claimant's inconsistent attempts.[3]  As a result, the ALJ found no severe breathing impairment.  (Tr. at 23-24.)  Regarding the second consultative examination, an occupational therapy manual dexterity evaluation, the ALJ found that Claimant "failed to attend a consultative occupational therapy manual dexterity evaluation scheduled on May 23, 2005, and did not reschedule this appointment; therefore, the record is now closed and ready for a decision based on the evidence of record."[4]  (Tr. at 22.)

Based on the evidence of record before the ALJ, he found that Claimant's severe impairments included status post left carpal tunnel release and Dupuytren's contractures of the hands.  (Tr. at 28.)  The ALJ made the following finding about the weight afforded the two above-referenced opinions of record from the State agency sources:  "The undersigned concurs with the opinions of the

---

[3] In his decision, the ALJ also noted that he had provided the report to Claimant's then counsel inviting written comments and the opportunity to request a supplemental hearing, but no response was received.  (Tr. at 22.)

[4] As discussed further below, Claimant did attend the examination.

9

reviewing state agency physicians to the extent that the claimant is limited to work at the light exertional level (Exhibits 7F and 10F).  Only some weight is given to these opinions (SSR 96-6p)." (Tr. at 29.)  The ALJ concluded that Claimant was limited to light work, with no nonexertional limitations.  The ALJ further concluded that Claimant could return to his job of warehouse supervisor as performed in the national economy.  (Tr. at 30.)

The ALJ's explanation about the weight afforded the State agency nonexamining medical source opinions is not supported by substantial evidence or consistent with the applicable regulations related to the weighing of medical opinions.   20 C.F.R. §§ 404.1527(d) and 416.927(d) (2006).  The ALJ finds Claimant's hand impairment to be severe, and then seems to ignore the consideration of what limitations, other than an ability to perform light level work, resulted from this severe impairment.  In light of the fact that the ALJ found Claimant's hand impairment to be severe, the court would expect, at the very least, some explanation as to why the ALJ rejected the specific manipulative limitations found by both State agency medical sources, particularly since their opinions are consistent with other evidence from treating sources. It appears to the court that the ALJ did not originally solicit extensive testimony from the vocational expert, whether about Claimant's past relevant work or in the form of a response to a hypothetical question, because the record was incomplete at that

10

time. As a result, the ALJ referred Claimant for the two consultative examinations and thereafter received no comments or a request from then counsel for a supplemental administrative hearing based on the evidence developed after the hearing. Indeed, the ALJ believed that Claimant did not even attend the second examination he ordered.

The record before the court reveals that Claimant did attend the second consultative examination. According to his current counsel, Claimant's former counsel failed to follow up on submission of the report and the request for a supplemental hearing. In fact, Claimant was administered the Perdue Pegboard Test on May 23, 2005, and it showed that Claimant "performed below the 1% for his age for right, left, and both hand tasks. However, the patient scored at the 10% for assembly. *** It is determined that the patient scored below the 1% for his age and would have difficulty performing assembly line work." (Tr. at 258.) The Appeals Council considered this evidence, but determined it did not provide a basis for changing the ALJ's decision. (Tr. at 6.) Because the Appeals Council specifically incorporated this evidence into the administrative record, that evidence becomes part of the record and must be considered in determining if the Commissioner's decision is supported by substantial evidence. Wilkins v. Secretary, 953 F.2d 93, 96 (4th Cir. 1991).

In addition to the lack of sufficient explanation in the ALJ's

decision regarding the weight afforded the opinion of the State agency medical sources, the additional evidence offered to the Appeals Council persuades the court that the ALJ's decision is supported by substantial evidence.  This evidence confirms that Claimant has some manipulative limitation, yet none is included in the residual functional capacity finding.  It may be that such a manipulative limitation does not affect Claimant's ability to perform his previous work as a warehouse supervisor, but the decisions of the ALJ and the Appeals Council do not currently provide sufficient analysis from which the court can propose a finding that the Commissioner's decision, that Claimant could return to his past relevant work, is supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable David A. Faber.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from

the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

November 29, 2007
    Date

Mary E. Stanley
United States Magistrate Judge

13